IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| STATE OF TENNESSEE<br>DEPARTMENT OF CHILDREN'S SERVICES,<br><br>Petitioner/Counter-Defendant<br><br>v.<br><br>LAURA WALLACE TRIPPE, JESSE TRIPPE,<br><br>RESPONDENTS, and,<br><br>v.<br><br>SHAUN LEE WINESBURGH,<br>  RESPONDENT/COUNTER-<br>  PLAINTIFF. | No. 1:14-cv-00153-CLC-SKL |

**REPLY IN SUPPORT OF
EMERGENCY MOTION FOR REMAND**

I. INTRODUCTION

The State of Tennessee Department of Children's Services (the "Department") filed a Petition to Terminate Parental Rights ("TPR") against Respondents Laura Wallace Trippe ("Trippe") and Jesse Trippe and Respondent/Counter-Plaintiff Shaun Lee Winesburgh ("Winesburgh") (collectively, the "Respondents") in the Juvenile Court of Hamilton County at Chattanooga, Tennessee ("Juvenile Court"), on April 16, 2014. (ECF No. 10-1 at 1.) Winesburgh removed this matter on May 16, 2014. (ECF No. 1 "Notice of Removal.") The Department filed an Emergency Motion for Remand on May 29, 2014. (ECF No. 8.) Winesburgh filed a Response to Emergency Motion to Remand [sic] on June 6, 2014, (ECF No. 13), and Trippe filed a Notice of Joinder in Removal to United States District Court and a Response to Emergency Motion for

1

Remand on June 9, 2014. (ECF Nos. 17-18.)[1] Because this Court lacks subject matter jurisdiction over the underlying TPR, this case is due to be remanded to the Juvenile Court. Furthermore, in light of public policy considerations of establishing permanency for children and in light of the other delays in this matter, the Department respectfully requests that the Court remand this case without delay.

## II. ARGUMENT

The arguments against remand put forward by Respondents[2] essentially boil down to (1) that this Court can exercise subject matter jurisdiction over the TPR; (2) remand is proper under 28 U.S.C. § 1443;[3] and (3) policy arguments in favor of this Court retaining jurisdiction. None is persuasive, nor do any provide a basis for subject matter jurisdiction. The Department will address each in turn.

### A. THE FEDERAL DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS IN THE PETITION.

As the Department has explained previously, there is no federal question jurisdiction for a TPR. (ECF No. 10 at 4-5.) Respondents' argument to the contrary appears to be based on a belief that the issues in the TPR "ultimately involve[] a federal question – whether [the Department] must comply with the ADA, 504, anti-discrimination laws and equal protection and due process," (ECF No. 14 at 5; ECF No. 19 at 5), and the familiar principle that federal courts have jurisdiction over cases involving federal rights, (ECF No. 14 at 4; ECF No. 19 at 4). While this Court would, indeed, have subject matter jurisdiction over any federal claims brought in a Tennessee state court, the

---

[1] While Winesburgh filed an Answer and Counterclaim (ECF No. 2), Trippe has not.

[2] The substance of the responses and memoranda of law in support of the responses filed by Respondents is virtually identical.

[3] While he did not list it as a basis for removal initially, Winesburgh has moved for leave to amend his Notice of Removal to add 28 U.S.C. § 1443 as a basis for removal. (ECF Nos. 15, 15-1.)

2

TPR contains no such claims, and Respondents' assertions regarding actions required of the Department are unsupported and inapplicable.

First, Respondents argue that the federal courts have jurisdiction in "cases addressing protecting [sic] rights secured by Congress and the Constitution. (ECF No. 14 at 4; ECF No. 19 at 4.) In support of this unremarkable proposition, Respondents cite two cases – *Long v. Bando Manufacturing of America, Inc.*, 201 F.3d 754 (6th Cir. 2000) and *Conrad v. Robinson* 871 F.2d 612 (6th Cir. 1989). (*Id.*) Neither case supports Respondents' position in *this case*, however. *Long* only discusses federal question jurisdiction based on "'the face of the plaintiff's properly pleaded complaint.'" 201 F.3d at 758 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The Department has previously demonstrated that there is no federal question jurisdiction on the face of the TPR. (ECF No. 10 at 4-5.) While Respondents do not include a pincite for *Conrad*, that case is about removal jurisdiction under 28 U.S.C. § 1443. 871 F.2d at 614. As the Department demonstrates below, Section 1443 is inapplicable to this case.

While Respondents are correct that jurisdiction exists when a plaintiff's relief necessarily depends on resolving a substantial question of law, (ECF No. 14 at 4; ECF No. 19 at 4), they never explain why the Department's right to relief in the action to terminate of their parental rights relies on such a resolution. Indeed, they cannot, as "[t]here is no 'federal question' that needs to be resolved in order to resolve [the Department's] state-law claim." *See Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 554 (6th Cir. 2005). This is a major problem for Respondents because "'the burden of establishing [subject matter jurisdiction] rests upon the party asserting jurisdiction.'" *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 972 (E.D. Tenn. 2011) (quoting *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003)). Respondents cannot meet this burden, and, therefore, the case should be remanded to the Juvenile Court.

3

Second, Respondents apparently consider the Department's action to terminate their parental rights to be "truly [a] federal-law claim[] in disguise." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008). They assert, without support, that the "claim"[4] will ultimately turn on whether the Department must comply with a variety of federal laws and constitutional principles. (ECF No. 14 at 5; ECF No. 19 at 5.) Indeed, the Department apparently "must demonstrate factually in its pleading that it provided [Respondents] with the accommodations, resources, evaluations, testing and analysis of all the evidence concerning [their] parenting and not just those pieces which [the Department] through its custom and pattern and practice chose to present to the juvenile court." (ECF No. 14 at 5-6; ECF No. 19 at 5.) Respondents not only fail to provide any basis for these assertions, but they are merely describing defenses and/or counterclaims that they may have. Their argument does not address the actual face of the TPR, which is where the Court would find its jurisdiction. *Caterpillar*, 482 U.S. at 392; *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Collins v. Blue Cross Blue Shield of Mich.*, 103 F.3d 35, 36-37 (6th Cir. 1996).

## B.  REMOVAL IS NOT PROPER UNDER 28 U.S.C. § 1443.

Respondents now argue that 28 U.S.C. § 1443 provides an alternate ground for this Court to have subject matter jurisdiction over the case. (ECF No. 15 ¶ 4.) Under Section 1443, a defendant may remove a case filed in state court under either of the following conditions: "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or] (2) For any act under color of authority derived from any law

---

[4] The Department assumes that Respondents are referring to the Petition to Terminate Parental Rights (ECF No. 10-1).

providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." Because 28 Section 1443(2) is "available 'only to federal officers and to persons assisting such officers in the performance of their official duties,'" *Bone v. City of Louisville*, No. 99-5813, 2000 WL 761870, at *1 (6th Cir. May 30, 2000) (per curiam) (quoting *Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979)), this Court could only have jurisdiction under Section 1443(1).

In order to take advantage of removal under Section 1443(1), Respondents must show that the case qualifies under a two-step test. *Conrad*, 871 F.2d at 614; *Felts*, 821 F. Supp. 2d at 974 (citing *Conrad*). To meet the first step of the test, Respondents must identify a right denied to them that comes from a federal law providing for "specific civil rights *stated in terms of racial equality*." *Conrad*, 871 F.2d at 614-15 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (emphasis added); *see Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 622 n.41 (1979) (noting that, in contrast to Section 1443, original jurisdiction under Sections 1343(3) and (4) is not limited to claims of racial equality); *Robinson v. Eichler*, 795 F. Supp. 1253, 1258, 1258 n.5 (D. Conn 1992) (remanding case removed under the Fair Housing Act, ADA, and the Developmental Disabilities Act because none of the grounds were stated in terms of racial equality). At no point in their filings do Respondents assert that they have been discriminated against because of their race. Indeed, in the section of their memoranda of law relating to Section 1443, Respondents only discuss "anti-discrimination laws with respect to disabilities . . . under the ADA, 504, and equal protection and due process." (ECF No. 14 at 7; ECF No. 19 at 7.) While Winesburgh does, at times, assert violations of statutes related to racial equality, (*e.g.*, ECF No. 2 at 2-3, ¶ (10)(v) (42 U.S.C. § 1981); *id.* at 26-28, ¶¶ 77-88 (42 U.S.C. §2000d); *id.* at 28-32, ¶¶ 89-106 (42 U.S.C. § 1981); ECF No. 15-1 ¶ 9 (42 U.S.C. § 1981)), he alleges that all of these violations result from what he

5

characterizes as qualifying disabilities of mental retardation and status as a recovered drug addict.[5] Thus, he has not been denied a right "that arises under a federal law that provides for specific civil rights state in terms of racial equality." *Conrad*, 871 F.2d at 615.

To meet the second part of the Section 1443(1) test, Respondents "must be unable to or denied the opportunity to enforce these specified federal rights in the *courts* of the state in question." *Id.* (citing *Johnson*, 421 U.S. at 219) (emphasis added). Instead, Respondents only assert that they have "federal anti-discrimination rights which [they] cannot maintain *before the Juvenile Court*." (ECF No. 14 at 2; ECF No. 19 at 2) (emphasis added). Specifically, they claim, without any support, that the "Juvenile Court cannot hear acts prohibited by the ADA, 504, and equal protection and due process." (ECF No. 14 at 7; ECF No. 19 at 7.) Even if their belief is true (and the Department disagrees as to Winesburgh's affirmative defenses, addressed below), it is not sufficient to grant the Court jurisdiction under Section 1443. The Supreme Court has observed that

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-28 (1966). Instead, "[r]emoval is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Georgia v. Rachel*, 384 U.S. 780, 800 (1966).

---

[5] The Department does not concede that Winesburgh is mentally retarded, a recovered drug addict, or that either would provide a basis for his affirmative defenses or counterclaims. For the purpose of this Court's jurisdiction over the removed case, however, these considerations are irrelevant.

Respondents have not identified any law of general application preventing the Tennessee state courts from enforcing the federal rights they have identified. Indeed, they cannot, as "[t]he general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 474, 477-78 (1981) (citations omitted). Additionally, the Supreme Court has "consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) (citations omitted). Thus, even if the Court finds that Respondents have met the first step of the Section 1443(1) test by merely mentioning 42 U.S.C. §§ 1981 and 2000d, they cannot meet the second step because the courts of Tennessee are open to them.

### C. RESPONDENTS' PUBLIC POLICY ARGUMENTS DO NOT JUSTIFY FEDERAL COURT JURISDICTION.

Respondents make two policy arguments in favor of this Court exercising jurisdiction over the underlying TPR and their defenses and counterclaims.[6] First, Respondents identify several provisions in the September 2013 Modified Settlement Agreement and Exit Plan for *Brian A. v. Haslam*, Civ. Act. No. 3:00-0445 (M.D. Tenn.) that they claim the Department has violated. (ECF No. 13 at 2; ECF No. 18 at 2.) These provisions for the most part are irrelevant and inapplicable to Respondents' arguments. Even to the extent that they would come into play in this case, any violation would merely be a defense, and a motion to dismiss is the proper vehicle to address the failure of the pleadings. In either case, this Court is not needed to address these arguments.

---

[6] Respondents also state that, "[c]ontrary to [the Department's] assertion, [Respondents do] not seek reversal of any State Court Order." (ECF No. 13 at 3, ECF No. 18 at 4.) The Department notes that it has not made any such assertion.

7

Second, Respondents argue that "only this Honorable Court has jurisdiction" over their "federally protected rights." (ECF No. 13 at 3; ECF No. 18 at 4.) This claim is simply not true, as state courts are competent to hear federal claims. *Tafflin*, 493 U.S. at 458; *Gulf Offshore Co.*; 453 U.S. at 477-78. At best, Respondents have mistakenly conflated their defenses and Winesburgh's counterclaims. Respondents point out that the "Juvenile Court cannot hear [counterclaims based on] acts prohibited by the ADA, 504, equal protection, and due process." (ECF No. 14 at 7; ECF No. 19 at 7.) While this statement may be true, *see Hyatt v. Bomar*, 358 S.W.2d 295, 296 (Tenn. 1962) (citing 43 C.J.S. *Infants* § 6 at 109 (now found at 43 C.J.S. *Infants* § 11)), Winesburgh's recourse if he wants to press these claims in federal court is not to assert counterclaims and remove the TPR. Instead, the proper procedure would be to file a new lawsuit in federal court with these counterclaims as the basis for his new action.[7] *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 830 (1966).

There is no reason to believe that the Juvenile Court is incapable of evaluating Winesburgh's seven affirmative defenses that invoke federal statutory and Constitutional rights. The Tennessee Rules of Civil Procedure govern termination of parental right actions in Juvenile Court. Tenn. R. Juv. P. 1(b). The Tennessee Rules of Civil Procedure specifically envision pleading affirmative defenses, Tenn. R. Civ. P. 8.03, and litigants regularly assert affirmative defenses in juvenile courts, *see, e.g.*, *John V.L. v. State, Dep't of Children's Servs.,* No. W2011-01397-COA-R3-JV, 2011 WL 5454319, at *3-4 (Tenn. Ct. App. Nov. 10, 2011), *perm. to app. denied* (Feb. 15, 2012); *In re Ella H.*, No. M2009-00739-COA-R3-JV, 2010 WL 1240761 (Tenn. Ct. App. Aug. 25, 2010); *In re Adoption of N.A.H.*, No. W2009-01196-COA-R3-CV, 2010 WL

---

[7] Winesburgh's seven counterclaims each only ask for money damages, not injunctive or any other kind of relief. (Answer and Counterclaim, ECF No. 2, ¶¶ 76, 88, 106, 119, 131, 143, 155.) Therefore, there is no reason why they *must* be heard at the same time as the underlying TPR.

457506, at *2 (Tenn. Ct. App. Feb. 11, 2010); *In re H.N.K.*, No. M2005-02577-COA-R3-PT, 2006 WL 1641359, at *5, 7; *In re D.A.H.*, No. W2002-0733-COA-R3-JV, 2003 WL 21756696, at *3 (Tenn. Ct. App. July 28, 2003), *aff'd*, 142 S.W.3d 267 (Tenn. 2004); *State, Dep't of Human Servs. v. Ford*, No. 01A01-9704-JV-00171, 1997 WL 707113, at *1 (Tenn. Ct. App. Nov. 14, 1997); *Evans v. Steelman*, No. 01-A-01-9511-JV-00508, 1996 WL 557844, at *1 (Tenn. Ct. App. Oct. 2, 1996), *aff'd* 970 S.W.2d 431 (Tenn. 1998). To the extent that Winesburgh believes that this Court is a more appropriate venue to handle his claims, such a belief relates to the merits of the removal process, not subject matter jurisdiction. *See Felts*, 821 F. Supp. 2d at 974.

### III. CONCLUSION

This case is due to be remanded to the Juvenile Court because this Court lacks subject matter jurisdiction. None of the arguments raised by Respondents is sufficient to show that federal question jurisdiction exists over the claims of the TPR, and 28 U.S.C. § 1443 is not applicable for removal jurisdiction. Moreover, Respondents' policy arguments in favor of this Court extending its jurisdiction to cover this case fall flat. Accordingly, the Department requests that this Court remand the case to the Juvenile Court as quickly as possible.

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General and Reporter

s/Jason I. Coleman
JASON I. COLEMAN, # 031434
Deputy Attorney General
General Civil Division
Cordell Hull Building, Second Floor
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-7908
jason.coleman@ag.tn.gov

MARTHA A. CAMPBELL, # 14022
Deputy Attorney General
General Civil Division
Cordell Hull Building, Second Floor
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-6420
martha.campbell@ag.tn.gov