UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, | ) ) ) |
| Petitioner/Counter-Defendant, | ) ) ) |
| v. | ) ) 1:14-CV-153 |
| LAURA WALLACE TRIPPE, JESSE TRIPPE, | ) ) ) |
| Respondents, | ) Judge Curtis L. Collier ) |
| v. | ) ) |
| SHAUN LEE WINESBURGH, | ) ) |
| Respondent/Counter-Plaintiff. | ) |

## **M E M O R A N D U M**

Before the Court is an emergency motion to remand filed by Petitioner State of Tennessee Department of Children's Services ("Petitioner") (Court File No. 8). Shaun Lee Winesburgh ("Winesburgh") and Laura Wallace Trippe ("Trippe") (collectively "Respondents") responded separately in opposition (Court File Nos. 13, 14, 18). Petitioner argues the case should be remanded because the Court lacks subject matter jurisdiction over the underlying termination of parental rights claim filed in the Juvenile Court of Hamilton County ("Juvenile Court"). Respondents argue their claims raise substantial federal questions and the Court may exercise federal question jurisdiction. For the following reasons, the Court concludes Respondents' claims do not raise substantial federal questions, will **GRANT** Petitioner's motion, and will **REMAND** this case to the Juvenile Court of Hamilton County, Tennessee.

**I.    BACKGROUND**

Winesburgh filed his Notice of Removal on May 16, 2014 (Court File No. 1) and subsequently amended his notice of removal (Court File No. 23). With the consent of Trippe,[1] he seeks to remove the petition to terminate parental rights styled *State of Tennessee Department of Children's Services v. Laura Wallace Trippe, Jesse Trippe, and Shaun Lee Winesburgh*, Nos. 260,447 and 260,488, filed by the Department on April 16, 2014 in the Juvenile Court of Hamilton County, Tennessee. Winesburgh alleges federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), 1441(b), 1443, and 1446 (Court File No. 23). Petitioner filed an Emergency Motion for Remand (Court File No. 8) on May 29, 2014, although it does not allege any urgent proceedings will take place.

## II.   STANDARD OF REVIEW

Generally, any civil action brought in state court over which the federal courts have original jurisdiction may be removed by a defendant to the federal district court for the district and division "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing that the district court has original jurisdiction over the matter by a preponderance of the evidence. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Removal petitions are strictly construed, *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989), and "all doubts as to the propriety of removal are resolved in favor of remand," *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d

---

[1] Although all the parties state that Winesburgh obtained the consent of both Laura Trippe and Jesse Trippe, neither party points to evidence in the record of Jesse Trippe's consent to removal (*see* Court File No. 1-3, Consent Letter). This alone is reason to remand this case. 28 U.S.C. § 1446(b)(2)(A). However, because Petitioner did not raise this issue, the Court will discuss the merits of removal.

401, 405 (6th Cir. 2007) (citation and internal quotation marks omitted). Removal jurisdiction is identical with federal question jurisdiction under 28 U.S.C. § 1331. *Long*, 201 F.3d at 757-58.

## III. DISCUSSION

Respondents first allege this Court may exercise federal question jurisdiction over this case.[2] *See* 28 U.S.C. § 1331. Federal courts apply the "well-pleaded complaint" rule to determine whether a federal question exists. Federal jurisdiction under 28 U.S.C. § 1331 "is proper 'only when a federal question is presented on the face of *the plaintiff's* properly pleaded complaint.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (emphasis added). The Court must look to "the plaintiff's statement of his own claim." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 377 F.3d 592, 594 (6th Cir. 2004) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). Federal subject matter jurisdiction may not be sustained based on a claim not advanced in a plaintiff's complaint. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986). Thus, when a plaintiff files an action in state court, he can preclude removal by avoiding jurisdiction and relying exclusively on state law claims. *See Totherow v. Cent. Transp. Int'l, Inc.*, No. 1:05-CV-126, 2005 WL 4755219, at *3 (E.D. Tenn. Oct. 3, 2005). In other words, even if a plaintiff's complaint could be stated under federal law, a plaintiff may avoid federal subject matter jurisdiction by stating his claim only under state law. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994); *see Palkow v. CSX Transp. Inc.*, 431 F.3d 545,

---

[2] Although Winesburgh alleges diversity as a ground for federal jurisdiction in his Notice of Removal pursuant to 28 U.S.C. § 1441(b), Winesburgh provides no further support for jurisdiction on this ground, nor has an amount in controversy exceeding $75,000 been alleged.

3

552 (6th Cir. 2005) ("If the complaint relies only on state law, the district court generally lacks subject matter jurisdiction and the action is not removable.").

Petitioner filed an action for termination of parental rights in state court, a claim that is a matter of state law. Respondent Shaun Winesburgh has alleged that Petitioner violated his federal civil rights.[3] Respondents rely solely on these counterclaims as the basis for subject matter jurisdiction (Court File Nos. 1, 23). This being so, "federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan.*, 507 F.3d at 914-15 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "[A] counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Thus, because the only federal issues raised by Respondents are defenses and counterclaims, they have not established federal question jurisdiction.[4]

In addition to relying on federal question jurisdiction found in 28 U.S.C. § 1331 as a means for establishing subject matter jurisdiction, Respondents assert jurisdiction is appropriate under 28 U.S.C. § 1443:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United

---

[3] The alleged violations are various portions of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and 42 U.S.C. §§ 1981 and 1983.

[4] Respondents vaguely note that Petitioner would be required to demonstrate that they have made accommodations but have provided no support for this contention. Petitioner is correct that, as it is Respondents' burden to demonstrate that removal is proper, such vague allegations are insufficient to establish jurisdiction.

4

States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.[5] "A series of Supreme Court cases have developed a two-step test to use in determining whether a case may be properly removed pursuant to 28 U.S.C. § 1443(1)." *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989); *see also Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 974 (E.D. Tenn. 2011) (citing *Conrad*). "[F]irst, the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality; second, the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad*, 871 F.2d at 614-15 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Respondents fail to establish jurisdiction here under the first prong of this test. At no point have Respondents asserted that they have been discriminated against because of their race. Respondents only discuss anti-discrimination laws with respect to their alleged disabilities (Court File Nos. 14, 19). Consequently, they have not been denied a right "that arises under a federal law that provides for specific civil rights in terms of racial equality." *Conrad*, 871 F.2d at 615. Moreover, with respect to the second prong, Respondents have pointed to nothing that suggests the state court could not entertain their defenses based upon federal law. With respect to Winesburgh's counterclaims, he has not demonstrated that these claims could not be brought in a separate action. Thus, Respondents have not satisfied their burden to demonstrate that removal is proper.

Accordingly, the Court concludes that Respondents have not established federal jurisdiction

---

[5] Section 1443(2) is "available 'only to federal officers and to persons assisting such officers in the performance of their official duties.'" *Bone v. City of Louisville*, No. 99-5813, 2000 WL 761870, at *1 (6th Cir. May 30, 2000) (quoting *Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979)). Accordingly, the Court does not discuss it.

over this action and the Court will remand this case.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes it lacks subject matter jurisdiction over this case and will **GRANT** Petitioner's motion to remand (Court File No. 8). The Court will **REMAND** this case to the Juvenile Court for Hamilton County, Tennessee.

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**